1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN HAYES, an individual,

           Plaintiff,

        v.

JOHN WICKERT and STEVE SAUNDERS,
in their individual capacities,

           Defendants.

Case No.  C06-5402RJB

ORDER

       This matter comes before the Court on Defendant Steve Saunders' Motion for Summary Judgment (Dkt. 36) and Plaintiff's Motion to Amend Pleadings (Dkt. 38).  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

       This case involves the use of deadly force by police officer John Wickert.  Dkt. 1-1.  According to the Complaint, Officer Wickert's supervisor at the time was Officer Steve Saunders.  *Id*.  In his Complaint, Plaintiff alleges the following claims: 1) 42 U.S.C. § 1983 against Officer Wickert, 2) assault and battery against Officer Wickert, 3) 42 U.S.C. § 1983 against Officer Saunders, 4) negligence against Officer Saunders, and 5) 42 U.S.C. § 1983 against the Town of Pe Ell.  Dkt. 1-1, at 4-6.

       On November 20, 2006, Defendants Officer Wickert and the Town of Pe Ell's Motion for

ORDER
Page - 1

1   Summary Judgment (Dkt. 17-1) was granted as to the conduct of Officer Wickert on Plaintiff's claim

2   under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights regarding the attempted stop,

3   but denied without prejudice as to Plaintiff's claim against Officer Wickert under 42 U.S.C. § 1983 for

4   use of excessive force.  Dkt. 28.  The Motion for Summary Judgment was granted as to Plaintiff's

5   claim under 42 U.S.C. § 1983 against the Town of Pe Ell.  *Id.*  The Motion for Summary Judgment

6   was denied without prejudice as to Plaintiff's assault and battery claim against Officer Wickert.  *Id.*

7   The remaining claims against Officer Wickert are the § 1983 excessive force claim and assault and

8   battery.

9       On December 7, 2006, this matter was stayed until September 14, 2007 pursuant to the

10   Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. § 502-596, due to Officer Saunders'

11   deployment out of the United States with the U.S. Army.  Dkt. 31.

12       Defendant Steve Saunders now moves for summary judgment arguing that: 1) there is no basis

13   for supervisor liability under 42 U.S.C. § 1983 here, 2) the 42 U.S.C. § 1983 claim against him should

14   be dismissed because he is entitled to qualified immunity, 3) the state law claims of negligent hiring,

15   supervision, and training should be dismissed, and 4) he has qualified immunity for the state law

16   claims.  Dkt. 36.

17       On November 9, 2007, Plaintiff filed a Motion to Amend Pleadings.  Dkt. 38.  Plaintiff argues

18   that pursuant to Fed. R. Civ. P. 15(a), he should be permitted to amend his Complaint and remove the

19   allegations against Officer Saunders.  Dkt. 38, at 2.  Plaintiff states that he has been informed that

20   Officer Saunders will soon be deployed again.  *Id.*  Plaintiff indicates that he would prefer to omit

21   Officer Saunders as a defendant rather than delay the litigation again.  *Id.*  That same day Plaintiff filed

22   a Response to Summary Judgment, arguing that the pending Motion for Summary Judgment should be

23   denied as moot in light of his Motion to Amend his Complaint.  Dkt. 39.

24       Defendant Officer Saunders replies and argues that Plaintiff's right to dismiss claims without

25   prejudice is expressly terminated upon the defendant's filing of a motion for summary judgment.  Dkt.

26   40.  Officer Saunders argues that his Summary Judgment Motion is not moot, and should be granted.

27   *Id.*

28

ORDER
Page - 2

## II.   DISCUSSION

Under Fed. R. Civ. P. 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Defendants have not given written consent to Plaintiff to amend his Complaint.  Accordingly, Plaintiff is required to obtain leave of Court before he can amend.

Defendants point out that Plaintiff's Motion to Amend (removing Officer Saunders as a Defendant in this action) may operate as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). Fed. R. Civ. P. 41(a)(1), "Voluntary Dismissal by plaintiff," provides, in pertinent part, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ."   The Motion for Summary Judgment was filed on October 25, 2007, and the Motion to Amend Pleadings was filed on November 9, 2007.  Dkts. 36 and 38.  Accordingly, voluntary dismissal without leave of court is unavailable.  Fed. R. Civ. P. 41(a)(2), "Voluntary Dismissal by Order of the Court," provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Although both parties seek dismissal of Officer Saunders, Officer Saunders argues that he should be dismissed with prejudice.  The question before the Court, then, is whether Officer Saunders should be dismissed with or without prejudice.

The claims against Officer Saunders should be dismissed with prejudice.  Officer Saunders' Motion for Summary Judgment of dismissal with prejudice was filed prior to Plaintiff's Motion to Amend.  Plaintiff's Response fails to point to any evidence that shows that there is a genuine issue "as to any material fact" as required by Fed. R. Civ. P. 56(c).  Plaintiff does not dispute that Officer Saunders has shown that he is entitled to a judgment as a matter of law.    Although Plaintiff argues that the Motion for Summary Judgment is moot in light of his Motion to Amend Pleadings, Plaintiff fails to mention whether he intends to assert claims against Officer Saunders when he returns again from military service overseas.  The claims against Officer Saunders should be dismissed with prejudice, and his Motion for Summary Judgment granted.

1   Plaintiff's Motion to Amend Pleadings should be denied without prejudice.  In Plaintiff's

2   proposed Amended Complaint, (Dkt. 38-2, at 1) the Town of Pe Ell still appears as a Defendant in the

3   caption even though it has already been dismissed with prejudice.

4                                               **III.ORDER**

5   Therefore, it is hereby **ORDERED** that,

6   •   Defendant Steve Saunders' Motion for Summary Judgment (Dkt. 36) is **GRANTED**, all claims

7       against him are **DISMISSED WITH PREJUDICE**,

8   •   Plaintiff's Motion to Amend Pleadings (Dkt. 38) is **DENIED WITHOUT PREJUDICE**

9   •   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

10      any party appearing *pro se* at said party's last known address.

11  DATED this 27th day of November, 2007.

12

13

14  ROBERT J. BRYAN
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4