UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN HAYES,<br><br>           Plaintiff,<br><br>    v.<br><br>JOHN WICKERT,<br><br>           Defendant. | Case No. C06-5402RJB<br><br>ORDER FOR ORAL ARGUMENT ON SEPTEMBER 2, 2008 AND ORDER TO APPEAR |

This matter comes before the Court on the Stipulated Motion for Leave to Withdraw as Attorney for Plaintiff. Dkt. 51. The Court has considered the pleading and the file herein.

On August 12, 2008, a Stipulated Motion for Leave to Withdraw as Attorney for Plaintiff was filed. Dkt. 51. The Stipulated Motion indicates that Plaintiff's attorney has lost the "ability to effectively communicate" with Plaintiff. *Id.* The Stipulated Motion was noted for August 22, 2008. *Id.* Trial is set for October 6, 2008. Dkt. 47.

On August 25, 2008, a conference call with all counsel was initiated by the Court in order to discuss the Stipulated Motion. Procedure was discussed and the Court expressed concern about protecting the rights of all parties.

Western District of Washington Local General Rule 2 (g) governs Appearance and Withdrawal of Attorneys and Rule 2 (e) requires that attorneys appearing in the Court comply with the Washington Rules of Professional Conduct. Washington's Rule of Professional Conduct 1.16 (b) provides,

| | |
|---|---|
| 1 | A lawyer may withdraw from representing a client if: |
| 2 | (1) withdrawal can be accomplished without material adverse effect on the interests of the client; |
| 3 | (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; |
| 4 | (3) the client has used the lawyer's services to perpetrate a crime or fraud; |
| 5 | (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; |
| 6 | (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; |
| 7 | (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or |
| 8 | (7) other good cause for withdrawal exists. |

*See also General Brewing Co. v. Law Firms of Gordon, Thomas, Honeywell, Malanca, Peterson & o'Hearn, et. al.,* 694 F.2 190 (9th Cir. 1982)(affirming order permitting withdrawal of counsel for good cause in a civil matter).

In light of the impending pretrial deadlines and trial date, the Court is concerned about the "potential material adverse effect on the interests" of Plaintiff here if counsel is permitted to withdraw. Plaintiff should be given notice and an opportunity to be heard on this matter. A hearing on whether Plaintiff's counsel should be permitted to withdraw should be held on September 2, 2008 at 9:00 a.m. Plaintiff, Plaintiff's counsel and Defendant's counsel are directed to attend. Plaintiff's counsel should make reasonable efforts to inform Plaintiff of this hearing.

Therefore, it is hereby **ORDERED** that,

- A hearing on whether Plaintiff's counsel should be permitted to withdraw **SHALL BE HELD** on September 2, 2008 at 9:00 a.m. All counsel and Plaintiff are **DIRECTED TO APPEAR PERSONALLY**;
- The Stipulated Motion for Leave to Withdraw as Attorney for Plaintiff (Dkt. 51) is **RENOTED** to September 2, 2008.
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of August, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 2